# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ASHLEY N. (REECE) ELIA, | § | |
| | § | |
| Plaintiff-Below, | § | No. 162, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: |
| | § | Superior Court of the State |
| HERTRICH FAMILY OF | § | of Delaware in and for Kent |
| AUTOMOBILE DEALERSHIPS, INC., | § | County |
| D/B/A/ HERTRICH'S CAPITOL | § | |
| A corporation of the State of Delaware | § | C.A. No. K13C-06-036RBY |
| | § | |
| Defendant-Below, | § | |
| Appellee. | § | |

Submitted: October 22, 2014
Decided: October 23, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 23rd day of October 2014, the Court, after hearing oral argument and upon consideration of the record in this case, has concluded that the order of the Superior Court should be affirmed. The only issue in this appeal is whether the Superior Court was correct in dismissing the plaintiff's claim because there was a binding arbitration agreement that required the plaintiff to arbitrate all of her claims. We find no error in the Superior Court's decision. In so ruling, we do not hold that it cannot be a breach of warranty

if an automobile dealer sells a customer a vehicle that is supposed to operate in four-wheel drive when it in fact does not. We affirm because the description in the sales contract of that specific feature does not fit within the more specific definition of a "written warranty" under the Magnuson Moss Warranty Act.[1]

Moreover, although the Superior Court was not clear as to which contract governed the rights of the parties, when fairly read, the Superior Court was referring to the third sales contract that the plaintiff signed on September 23, 2010, and under which the parties proceeded.[2] Irrespective of whether the defendant actually signed that version of the contract, the complaint itself indicates that the parties proceeded under it, and a party who signs a contract may be bound by it even when the other party does not sign

---

[1] The Magnuson Moss Warranty Act defines a "written warranty" as "(A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time or (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product." 15 U.S.C.A. § 2301. In other words, we find that the statement in the sales contract that the vehicle had four-wheel drive would be a warranty under the Uniform Commercial Code and general contract law. *See* U.C.C. § 2-313. But the statement is not a "written warranty" under the more specific definition in the Magnuson Moss Warranty Act, which requires that the seller promise certain things that the dealer here did not promise.

[2] *See Elia v. Hertrich Family of Automobile Dealerships*, 2013 WL 6606054, at *1 (Del. Super. Dec. 13, 2013) ("On September 23, 2010, Plaintiff returned to the Dealership to sign new papers for the purchase of the Automobile at the higher interest rate, including a new RISC at the 13.59% annual interest rate.").

1

it, especially when both parties continue to enjoy the benefit of their bargain.[3] In any event, the arbitration clause in the second and third sales contracts were identical to the one in the first, which was signed by both parties, and therefore, the Superior Court made no error of law in finding that the plaintiff was bound to arbitrate.

NOW, THEREFORE, IT IS HEREBY ORDERED that the order of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] "In general, any writing signed by one party and orally assented to by the other will bind both parties, subject of course to the Statute of Frauds. Indeed, any written contract, though signed by only one party, will bind the other if he or she accepts the writing." 2 WILLISTON ON CONTRACTS § 6:44 (4th ed. 2003). In this case, the dealership's acceptance can be implied because it accepted the plaintiff's payment and allowed her to possess the car. *See also* 7 BRUNER & O'CONNOR CONSTRUCTION LAW § 21:46 (2014) ("The failure of a party to sign its contract, as long as consent is otherwise established, will not relieve it of its obligation to arbitrate.").